OPINIÓN of the Court, by
Ch. J. Boyj.e.
On the 7th ofNovember 1811, the defendant in error sued out from the clerk’s office of the Bourbon circuit court a writ in case against the plaintiff, upon which the sheriffre-turned “ not found, living in Clarke county,” and on the 12th of May 1813 he sued out a second writ in case, which being executed he filed a declaration for slanderous words ; to which the plaintiff in error pleaded, 1 st, §,⅛*⅛- 5 and 2d, not guilty within one year before the commencement of the action : upon which issues were joined. On the trial the plaintiff in error moved ^18 COCi!‘t to instruct the jury that unless the defendant in error proved the speaking of the words within one year preceding the emanation of the second writ, the statute of limitation would bar his action ; but the court. refused to give the instruction, to which the plaintiff in error excepted, and a verdict and judgment being given against him ho has brought the, case to this court by writ of error. >
If the first writ is to be considered as the commencement of this action, there can be no question that the refusal of the court to give the instruction asked by the plaintiff in error was correct; but if it cannot be so considered, it is equally clear that the court erred in not giving the instruction : for there is no principle or precedent that will warrant the conclusion that the emanation of a writ in one action will prevent the statute from operating as a bar to another action.
That the first writ cannot be considered as the commencement of this action, we think is obvious. For the second is not an alias but an original writ, and there is. nothing in the record to show any connection between it and the first. They are indeed both of the same kind and between the same parties, but they may nevertheless both be original writs; and as they purport upon their face to be so, we cannot, without doing it in contradiction of the record, infer that they are not.
If the defendant had declared for different causes of action in both, and an alias had issued upon the first and been executed upon the plaintiff in error, he would certainly have been bound to have answered to both; and if the defendant in error chooses to do so, we cannot seq any reason why he may not still issue an alias upon thft *277 first, and declare for a different cause of action than what he has dorte in this case, unless indeed the first writ was abated by the return of the sheriff, of which there is certainly considerable room for doubt. Whether it abated or not, is a point however not material to be decided : for if it abated, as there was more than a year after its abatement, before the second writ issued, it could not prevent the statute of limitation from running.
The judgment must be reversed with costs, and the cause remanded for a new trial to be had not inconsistent with the foregoing opinion.